# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN R. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:08-CV-1115 CAS |
| ELIZABETH CONLEY, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of John R. Jones (registration no. 186930) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee. The Court will assess an initial partial filing fee of $14.98. See 28 U.S.C. § 1915(b)(1). Further, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the

Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $74.92, and an average monthly balance of $8.53. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.98, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff, an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), brings this action under 42 U.S.C. § 1983. Named as defendants are Correctional Medical Services

2

("CMS") and the following CMS employees who allegedly treated plaintiff during his incarceration at the Jefferson City Correctional Center ("JCCC") and ERDCC: Dr. Elizabeth Conley, Dr. Donald McNutt, Dr. Richard Smith, Nurse Lori Lawson, Dr. William Armstrong, Dr. Charles Sutherland, Dr. Durwood Neal, Nurse Rhonda Walls, Nurse Tymber Spray, and Nurse Donita Tressner. Plaintiff seeks monetary relief, as well an order providing him with corrective surgery, pharmacologic and medical treatment, and a specialized diet.

Plaintiff alleges that he was incarcerated at JCCC from "1994-2004," and that he has been confined at ERDCC since 2004. His allegations against the ten individual doctors and nurses concern the medical treatment they rendered, or failed to render, to him during said periods of time. In addition, plaintiff alleges that CMS:

> fail[ed] to provide appropriate medical treatment to [him]; failed to establish policies, guidelines for monitoring medical treatment for [him] to insure prescribed treatment [was] delivered as prescribed; failed to resolve [his] medical conditions before returning him to his housing unit; failed to see referrals fo [his] medical conditions; failed to send [him] to a hospital for treatment of emergency medical conditions; failed to arrange for appropriate diagnostic testing for [him]; failed to establish policies for physician review of [his] medical emergencies & chronic conditions; failed to provide proper medical devices & equipment to treat [his] medical conditions; [and] failed to discipline its agents for acts of deliberate indifference toward [his] medical needs.

**Discussion**

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). With respect to defendant CMS, plaintiff does not claim that the alleged constitutional violations are the result of a CMS policy, customs or action, or as a result of an action by anyone representing CMS official policy. Rather, he alleges that his claims are due to CMS's employment of the defendant doctors and nurses who allegedly misdiagnosed and mistreated him. The respondeat superior theory of liability, however, is inapplicable in § 1983 suits. See Boyd

v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). "[A] corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993) (citing Monell v. Department of Social Servs. of City of New York, 436 U.S. 658, 690-91 (1978)). Because plaintiff does not identify any alleged CMS official policies or customs, the complaint is legally frivolous as to this defendant.

The complaint is silent as to whether the ten individual defendants are being sued in their official or individual capacities. Where a complaint is silent about the capacity in which the plaintiff is suing the defendant, a court must interpret the complaint as including only official-capacity claims. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Official-capacity suits are tantamount to suits directly against the public entity of which the official is an agent. Kentucky v. Graham, 473 U.S. 159, 166 (1985). To state a claim against a public entity or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. Brandon v. Holt, 469 U.S. 464, 473 (1985); Monell, 436 U.S. at 690-91. Because plaintiff does not claim that a public entity's policy or custom was responsible for the alleged constitutional violations, the complaint fails to state a claim or cause of action under § 1983 as to the ten individual doctors and nurses in their official capacities.

Finally, the Court finds that the complaint is also legally frivolous as to defendants McNutt, Smith and Lawson, because the surgical operation they allegedly performed "for placement of [a] Greenfield filter" occurred in 2001 and, therefore, any claims plaintiff may have relative to that surgery are now barred by the five-year statute of limitations. See Lohman v. Kempker, 34 F. App'x

4

514, 2002 WL 992330 (8th Cir. 2002) (applying Missouri five-year statute of limitations to a cause of action under § 1983).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $14.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

An appropriate order of dismissal shall accompany this Memorandum and Order.

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of August, 2008.